UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOHN P. MURPHY,

    Petitioner,

v.

JOHN KING, Warden, M.C.F. - Stillwater,
LORI SWANSON, Attorney General
for State of Minnesota,

    Respondents.

Civil No. 10-570 (PAM/AJB)

**REPORT AND RECOMMENDATION**

---

I.    INTRODUCTION

This matter is before the Court, Chief United States Magistrate Judge Arthur J. Boylan, on Petitioner John P. Murphy's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Docket No. 1] The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a)(iii)(2).

Petitioner is a state prison inmate and is currently incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota. In 1994 Petitioner pled guilty to multiple counts of terroristic threats and one count of conspiracy to commit terrorist threats. State v. Murphy, No. C5-97-617, 1997 WL 698423, at *1 (Minn. App. Nov. 10, 1997). Petitioner's consecutive sentence totaled 570 months, with 96 months executed and 474 months stayed. Id. Petitioner was subject to 450 months of probation following his executed sentence. State v. Murphy, 545 N.W.2d 909, 912 (Minn.1996). Following multiple probation violations, the district court permanently revoked all of Petitioner's probation and executed Petitioner's consecutive

sentence. See generally State v. Murphy, No. A06-1471, 2007 WL 4390348 (Minn. App. Dec. 18, 2007), rev. denied (Minn. Feb. 27, 2008).

Petitioner now seeks relief under an application for writ of habeas corpus. Petitioner claims the sentencing court did not have jurisdiction to revoke all of his probation, the notice provided for Petitioner's probation revocation hearing was defective, his counsel was ineffective, and the revocation of his probation was grossly disproportionate to his conduct.

## II.     BACKGROUND

In 1994, Petitioner pleaded guilty to ten counts of terroristic threats and one count of conspiracy to commit terroristic threats. Murphy, 545 N.W.2d at 914. Petitioner's crimes included "placing dead animals and animal parts...at his victims' houses; planting fake bombs; dumping oil and blood on houses;" and vandalizing property with epithets and obscenities. Id. The district court accepted the guilty plea and asked the Petitioner, "Do you ... understand that the way this matter is put together that any violations along in the future could lead to an execution of a substantial sentence to perhaps as much as 40 years?" Murphy, 2007 WL 4390348 at *1. The Petitioner responded that he understood. Id. At sentencing Petitioner received 11 consecutive sentences totaling 570 months, the Judge executed three sentences, totaling 96 months, and eight sentences--totaling 474 months--were stayed. Murphy, 1997 WL 698423 *1.

After he served his 96 month sentence, Petitioner was placed on probation. During his time on probation, Petitioner repeatedly violated conditions of probation. In 1998 Petitioner cut his GPS bracelet off and strayed outside the boundaries to which he was confined. Murphy, 2007 WL 4390348 at *2. As a penalty for this violation, the state district court revoked

Petitioner's probation and executed 24 months of Petitioner's sentence. Id. at *2. In 2001 the district court again revoked petitioner's probation and executed an entire 60 month stayed sentence after Petitioner failed to pay restitution and left Minnesota without permission. Id. In January 2006 Petitioner failed to report multiple arrests and a conviction to his probation officer. Id. at *3. As a result of these probation violations, the district court revoked the balance of Petitioner's probation, totaling 330 months, and executed his entire sentence. Id. at *3.

In his appeal to the Minnesota Court of Appeals, Petitioner challenged the district court's authority to revoke his current and future probations, and to execute the remainder of his stayed sentence. Id. Petitioner also challenged whether the district court abused its discretion by concluding that the need for confinement outweighed the policies favoring continued probation. Id. The Minnesota Court of Appeals affirmed the revocation of all of Petitioner's probation and execution of the remainder of his sentence. Id. The Minnesota Supreme Court denied Petitioner's petition for review. Id. The United States Supreme Court denied Petitioner's petition for a writ certiorari on October 6, 2008. Murphy v. Minnesota, 129 S. Ct. 108 (2008).

Petitioner subsequently brought a petition for post-conviction relief, arguing that his counsel at the revocation hearing was ineffective for not challenging the state district court's jurisdiction to revoke all of his probation and execute his sentence. [Docket No. 8-1; see also John Patrick Murphy v. State, A09-383 (October 2009).] He also argued that his appellate counsel was ineffective for failing to raise this issue on appeal. Id. The state district court denied Petitioner's petition for post-conviction relief, and the Minnesota Court of Appeals affirmed the decision of the district court in an order opinion. Id. On appeal from the denial of his petition for post-conviction relief, the Minnesota Court of Appeals noted that they had already considered

3

the jurisdiction issue on Petitioner's direct appeal and concluded that the state district court acted within its authority (and jurisdiction) in revoking Petitioner's probation and executing his sentence. Murphy, A09-383, at ¶ 5. The Minnesota Court of Appeals also explained that contrary to Petitioner's contentions, his counsel at the revocation hearing challenged the district court's jurisdiction when he challenged the district "court's power or authority." Murphy, A09-383, at ¶ 10.

Petitioner brings the present petition[1] for a writ of habeas corpus, arguing four issues. First, Petitioner contends that the state district court lacked jurisdiction to revoke all of his probations and execute his sentence. Second, Petitioner contends that the district court violated his due process right to be notified that the district court might revoke all of his probation and execute his sentence. Third, Petitioner contends that his counsel was ineffective for failing to raise the jurisdiction issue on appeal. Fourth, Petitioner contends that the revocation of all of his probation and the execution of all of his stayed sentence was grossly disproportionate to his conduct.

**III.  ANALYSIS**

**A. Standard of Review**

An application for a writ of habeas corpus will not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

---

[1] The Petitioner has unsuccessfully sought writs of habeas corpus review under 28 U.S.C. § 2254 on three prior occasions. See John P. Murphy v. Hubert H. Humphrey, III, et al., Civ. Case No. 3:96-cv-745 (PAM/AJB); John P. Murphy v. Terry Carlson, Civ. Case No. 02-3826 (PAM/AJB); John P. Murphy v. Connie Roehrich, Civ. Case No. 03-4206 (PAM/AJB).

4

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The clause "contrary to" means that the state court reached a conclusion of law in opposition to the holdings of the United States Supreme Court or failed to reach the same decision as the Supreme Court on a case with materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Additionally, it is not enough that the state court incorrectly applied the law, but that the application of the law must be *unreasonable*. Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005). An application of law is unreasonable when it identifies the correct governing principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For the reasons set forth below, this Court recommends that Petitioner's Petition for a Writ of Habeas Corpus be dismissed with prejudice.

### B. Jurisdiction of the State Court

Petitioner contends that the state district court, which revoked all of Petitioner's probation, lacked subject matter jurisdiction to revoke all of his probation. Petitioner's argument seems to be based on the following reasoning: Each one of his convictions carried a consecutive sentence and therefore, a new probationary period began following each executed sentence; a state district court does not have jurisdiction over a probationary period until it has begun; and because some of Petitioner's probationary periods had not begun, the state district court lacked authority to revoke all of Petitioner's probation and execute all of Petitioner's sentence.

Petitioner's present argument is slightly different from the argument that he made to the Minnesota Court of Appeals on his direct appeal. His argument to the Minnesota Court of Appeals was that the state district court lacked jurisdiction to modify his sentence. His argument was premised on his belief that executing all of his sentence and revoking all of his probation constituted an enlargement (and modification) of his original sentence. The Minnesota Court of Appeals rejected Petitioner's contention that the state district court modified his sentence and concluded that the state district court retained authority over his sentence such that the state district court could execute all of his sentence for a probation violation. Murphy, 2007 WL 4390348, at *3-4. The Minnesota Court of Appeals stated:

> The court's statements at [Petitioner's] guilty plea and sentencing hearings demonstrate that the judge fully intended that the entire sentence could be revoked on any violation. Both the prosecutor and defense counsel acknowledged exactly that. And as [the State] points out, a contrary result would mean that [Petitioner] could repeatedly and seriously violate probation and receive only a maximum of 60 months in prison for each violation.

Murphy, 2007 WL 4390348, at *4. The Minnesota Court of Appeals considered this issue again on Petitioner's appeal from the denial of his petition for post-conviction relief, and reached the same conclusion.

The Minnesota Court of Appeals on two occasions concluded that the state court had authority (or jurisdiction) to revoke all of Petitioner's probation and execute all of his sentence because the sentencing court explicitly reserved authority (or jurisdiction) to do so. See Murphy, 2007 WL 4390348, at *4; Murphy, A09-383, at ¶ 5. "Determinations of state law made by a state court are binding on a federal court in habeas proceedings." Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005) (citing Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998);

Williamson v. Jones, 936 F.2d 1000, 1004 (8th Cir. 1991)). Thus, "'[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary.'" Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 2007) (quoting Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir.1976)). The Minnesota Court of Appeals decisions demonstrate that they only decided the issue on the basis of state law. This conclusion is beyond the scope of habeas corpus review. 28 U.S.C. § 2254(a). Therefore, Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Docket No. 1] should be denied to the extent that it is premised his claim that the district court lacked subject matter jurisdiction to revoke all of his probation.

**C. Notice of the Probation Violation Hearing**

As part of his jurisdiction argument, Petitioner also seems to contend that he was given insufficient notice of the probation violation proceedings in violation of his due process rights under the Fourteenth Amendment of the United States Constitution. Petitioner asserts that the notice was insufficient because the notice of the probation violation hearing referenced only the current probation and not subsequent probationary periods. The Minnesota Court of Appeals rejected this argument on state grounds, concluding that the sentencing court informed Petitioner that any probation violation could result in the revocation of his probation and the execution of his sentence. Murphy, 2007 WL 4390348, at *3.

The due process rights afforded at a probation-revocation hearing are less than the full panoply of rights accorded to a defendant in a criminal trial. Carchman v. Nash, 473 U.S. 716, 726, 105 S. Ct. 3401, 3406 (1985). The United States Supreme Court held that an individual on probation must be afforded minimum due process protection prior to revocation of his or her

7

probation and execution of his or her sentence. Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759-60 (1973). The United States Supreme Court has defined "the minimum requirements of due process" as:

> (a) written notice of the claimed violations of [probation]; (b) disclosure to the [person on probation] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . . ; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604 (1972).

Petitioner does not argue that he was deprived any of the aforementioned "minimum requirements of due process" in connection with the revocation of his probation and a review of the record demonstrates that he was not deprived of any of "the minimum requirements of due process." Id. Thus, Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Docket No. 1] should be denied to the extent that it is premised on an alleged violation of Petitioner's right to due process of law under the Fourteenth Amendment of the United States Constitution.

### D. Ineffective Assistance of Counsel

"A claim of ineffective assistance of counsel is governed by the performance and prejudice standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Storey v. Roper, 603 F.3d 507, 523 (8th Cir. 2010).

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," while at the same time refraining from engaging in hindsight or second-guessing of trial

> counsel's strategic decisions. Assuming the performance was deficient, the prejudice prong requires proof "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Id. (quoting Strickland, 466 U.S. at 689-94, 104 S. Ct. 2052).

Petitioner argues that his counsels were ineffective because his revocation hearing attorney and direct appeal attorney failed to raise his jurisdiction and due process arguments. The Minnesota Court of Appeals applied Strickland and concluded that Petitioner had not met his burden to show that his counsel at his probation violation hearing was ineffective; the Minnesota Court of Appeals concluded that Petitioner could not satisfy the first prong of Strickland because his counsel at his probation violation hearing presented his jurisdiction argument to the state court. Murphy, A09-383, at ¶¶ 5-10. The Minnesota Court of Appeals concluded that Petitioner had not met his burden to show that his appellate counsel was ineffective because Petitioner could not satisfy the second prong of Strickland; the Minnesota Court of Appeals concluded that even if his appellate counsel failed to raise the jurisdiction argument, Petitioner is not entitled to relief because his jurisdiction argument is without merit. Id. at ¶ 11.

Petitioner has presented this Court with no authority or argument as to how the Minnesota Court of Appeals' application of Strickland was unreasonable. This Court concludes that the Minnesota Court of Appeals' application of Strickland was not unreasonable. Thus, Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Docket No. 1] should be denied to the extent that it is premised on an alleged ineffective assistance of counsel.

**E. Proportionality of Petitioner's Sentence**

Petitioner's argues that "the resultant sentence is both grossly disproportionate to his conduct and represents a manifestly cruel and unusual punishment for the conduct of admission and allegation." (Pl.'s Mem. 5, Feb. 24, 2010.) Simply stated, Petitioner contends the revocation of the balance of Petitioner's probation and execution of his entire sentence is excessive punishment for his "probationary-violative conduct." (Id. at 7.)

There is a difference between the issuance of an original sentence and the adjudication of a probation violation. Petitioner's original sentencing hearing was the time at which the state district court determined how long to sentence Petitioner for each of his offenses, whether those periods of incarceration should be concurrent or consecutive, whether his sentence would be stayed or executed, and the amount of time Petitioner could potentially serve on probation as a result of any stayed sentence. Petitioner cannot challenge his current period of incarceration because that period is a product of the length of his original sentence and the fact they are to run consecutively. In the present petition for a writ of habeas corpus, Petitioner can only challenge whether the state district court violated any of Petitioner's constitutional rights in revoking his probation and executing his sentence. Besides the arguments already presented, Petitioner has not asserted this challenge. Ford v. Boeger, 362 F.2d 999, 1008 (8th Cir. 1966).

Petitioner challenged his original sentence at the Minnesota Appellate Courts and on his prior petition for a writ of habeas corpus. See Report and Recommendation, John Patrick Murphy #150133 v. Hubert H. Humphrey, et al., Civil No. 3-96-745 (PAM/AJB) (D. Minn. July 25, 1997); Order, John Patrick Murphy #150133 v. Hubert H. Humphrey, et al., Civil No. 3-96-745 (PAM/AJB) (D. Minn. Aug. 27, 1997). The time in which to file a petition for a writ of

habeas corpus on these issues has long since expired. 28 U.S.C. § 2244(d)(1). Furthermore, the present argument is simply a retooling of his earlier challenge to his sentence. This Court considered whether Petitioner's sentence was cruel and unusual in 1997 and recommended denial of his petition for a writ of habeas corpus. See Report and Recommendation, John Patrick Murphy #150133 v. Hubert H. Humphrey, et al., Civil No. 3-96-745 (PAM/AJB) (D. Minn. July 25, 1997). This Court's recommendation was adopted. Order, John Patrick Murphy #150133 v. Hubert H. Humphrey, et al., Civil No. 3-96-745 (PAM/AJB) (D. Minn. Aug. 27, 1997). Therefore, to the extent that Petitioner argues that revocation of his probation and execution of his sentence amounts to cruel and unusual punishment, his petition should be dismissed under 28 U.S.C. 2244(b)(1) as a claim that has already been reviewed on the merits.

Furthermore, Petitioner failed to exhaust this issue and this issue is now procedurally barred. A federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845, 119 S. Ct. at 1732; see Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.1996) (en banc) (stating a prisoner cannot raise federal constitutional claims for the first time on petition for federal habeas corpus relief). The federal nature of the claim must be "fairly presented" in state court by reference to "a specific federal constitutional right, particular constitutional

11

provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). "[O]rdinarily, a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim, in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004).

When a petitioner has failed to fairly present federal constitutional claims in state court, the federal court must determine whether the state procedural rules would allow a hearing on the merits in a state court proceeding. McCall v. Benson, 114 F.3d 754, 757 (8th Cir.1997). If the state's procedural rules would preclude a hearing on the merits, the petitioner has procedurally defaulted and is likewise procedurally barred from obtaining federal habeas relief, unless cause and prejudice, or fundamental miscarriage of justice, can be demonstrated. Id. at 758. A claim that is procedurally defaulted under state law is barred from federal habeas review only if the state procedural rule is "firmly established" and "regularly followed." Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995).

Under Minnesota law, "[o]nce a [defendant] has taken a direct appeal, all claims raised in the direct appeal as well as 'all claims known but not raised' at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief." Cooper v. State, 745 N.W.2d 188, 190 (Minn. 2008) (quoting Knaffla, 243 N.W.2d at 741). The Knaffla rule has been in place for over 30 years and is codified in Minn. Stat. § 590.01, subd. 1. See 9 Minn. Prac., Criminal Law and Procedure § 39.1 (3rd ed.) (stating Knaffla rule is "frequently and strictly applied to deny relief in post-conviction proceedings).

12

Petitioner never raised the issue of proportionality or application of the Eighth Amendment of the United States Constitution in his appeals to the Minnesota Court of Appeals following the revocation of his probation and the execution of his sentence. His only argument was that the state district court abused its discretion in applying state law. Thus, Petitioner has failed to exhaust these claims. Furthermore, there is no evidence that Petitioner's habeas claims of proportionality or application of the Eighth Amendment of the United States Constitution were unknown, or so novel that their legal basis were unknown at the time of either of his appeals. As a result, this Court concludes that Petitioner has procedurally defaulted on these claims. Due to the fact that this Court previously considered this same argument, this Court concludes that barring consideration of these issues will not amount to fundamental miscarriage of justice. McCall, 114 F.3d at 757. Thus, Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Docket No. 1] should be denied to the extent that it is premised on his contentions that the revocation of his probation and execution of his sentence lack proportionality or amounts to cruel and unusual punishment.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] be **DISMISSED WITH PREJUDICE**.

Dated: 10/25/10

                      s/ Arthur J. Boylan
Arthur J. Boylan
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before   November 9, 2010            .