# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

John Patrick Murphy,                                    Civ. No. 10-570 (PAM/AJB)

                    Petitioner,

v.                                                      **MEMORANDUM AND ORDER**

John King, Warden, M.C.F -
Stillwater, and Lori Swanson,
Attorney General for State
of Minnesota,
                    Respondents.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated October 25, 2010. In the R&R, the Magistrate Judge recommended that the Court deny the Petition for a Writ of Habeas Corpus in its entirety and dismiss this action with prejudice. Petitioner filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

The facts underlying Petitioner's claims are fully set forth in Chief Magistrate Judge Boylan's thorough R&R and will not be repeated here. Petitioner is currently incarcerated in a Minnesota state prison serving a lengthy sentence for terroristic threats and probation violations. His Petition raised four challenges to his sentence and the manner in which it was imposed. His Objections, however, discuss only one of these challenges. Having failed to

raise any specific objection to the other three challenges, the Court will deem those challenges abandoned.

Petitioner's Objection contends that Chief Magistrate Judge Boylan erred in concluding that Petitioner's challenge to his sentence on Eighth Amendment grounds was procedurally defaulted or was already presented in a previous habeas petition and was therefore prohibited by 28 U.S.C. § 2244(b)(1). According to Petitioner, this determination means that Petitioner should have objected to a non-executed, probationary sentence at the time of his original sentencing, without knowing whether that probationary sentence would ever become a sentence of incarceration.

First, it appears from the record that Petitioner was in fact warned that his unexecuted sentence would become a sentence of incarceration were he to violate his probation. However, regardless of the effect this warning has on his claim, Petitioner fundamentally misreads the R&R. The R&R merely determined that Petitioner should have presented his Eighth Amendment arguments to some state court at some point during his many appeals and collateral attacks on his sentencings. Petitioner did not do so. Having failed to give the Minnesota state courts the opportunity to consider his federal constitutional claim, he has failed to exhaust his state remedies, and federal habeas relief is simply not available. 28 U.S.C. § 2254(b)(1)(A).

Petitioner cites no legal authority for his assertion that the R&R's conclusion is erroneous. Rather than argue, for example, that Minnesota law would excuse his failure to raise the claim and allow a hearing on the merits of that claim, he instead impugns the

reasoning of the R&R with boldface type and rhetorical questions. It is Petitioner's burden to demonstrate that the R&R is legally incorrect. He has not done so.

Accordingly, **IT IS HEREBY ORDERED that**:

1.    The Report and Recommendation (Docket No. 12) is **ADOPTED**;

2.    The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

3.    This matter is **DISMISSED with prejudice**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: <u>Wednesday, November 10, 2010</u>

*s/Paul A. Magnuson*

Paul A. Magnuson
United States District Court Judge
